■ RAPID · AMERICAN CORPORATION, Appellant-Respondent, v. INTAGLIO SERVICE CORPORATION, Respondent-Appellant.— Order entered November 4, 1965, granting plaintiff's motion for partial summary judgment and denying the cross motion of defendant for same, unanimously affirmed, with $50 costs and disbursements to abide the event. Defendant was a tenant in plaintiff's loft building. The lease was about to expire and the parties entered into negotiations for a new lease which would involve additional space and different terms. In the course of the negotiations defendant sent a letter purporting to exercise its option of renewal of the existing lease. Defendant elected to renew; it may not rely on its own failure to comply with the formalities therefor prescribed in the lease. The alleged defect in the notice is not per se a defense. However, a fair reading of the opposing affidavits raises an issue. It is claimed that in the course of the negotiations it was agreed that the notice was ineffectual and the parties tried to bargain on that basis. Pending determination of this issue the only relief plaintiff would be entitled to would be that already accorded by the partial judgment. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT BOWERMAN, Appellant.— Defendant's appeal from judgment of conviction, after jury trial, rendered October 30, 1963, for assault in the second degree and criminally carrying a loaded weapon, is held in abeyance. The case is otherwise remanded to the Supreme Court, New York County, before Dickens, J., for a hearing and determination (with findings of fact and conclusions of law) on the issue of the voluntariness of defendant's admissions which were received in evidence at the trial (see *People* v. *Huntley*, 15 N Y 2d 72). At such hearing the defendant and the People are permitted to put in additional proof on the issue of voluntariness if so desired. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.